**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: ) | Chapter 11 | |
| ) | | |
| W.R. Grace & Co., <u>et al.</u>, ) | Case No. 01-01139 (JKF) | |
| ) | (Jointly Administered) | |
| ) | | |
| Debtors. ) | | |

| | | |
|---|---|---|
| Zonolite Attic Insulation Property ) | | |
| Damage Claimants ) | | |
| ) | | |
| Appellants, ) | Case No. 07-CV-005 (RLB) | |
| ) | | |
| v. ) | | |
| ) | | |
| W.R. Grace & Co., *et al.* ) | | |
| ) | | |
| Appellees. ) | | |
| ) | | |

**<u>REPLY OF THE ZONOLITE ATTIC INSULATION PROPERTY DAMAGE
CLAIMANTS IN SUPPORT OF THEIR MOTION FOR LEAVE TO APPEAL</u>**

When a bankruptcy court erroneously applies a "preponderance of the evidence" standard to a motion for summary judgment to resolve a purported "threshold" issue bearing no relation to the state laws governing the claims, all for the purpose of disposing of millions of claims representing one of W.R. Grace's largest creditor groups, exceptional circumstances clearly exist warranting this Court's review.

The urgency of "getting it right" now, preconfirmation, is underscored by Grace having portrayed early resolution of ZAI claims as central to the orderly development of a sustainable plan of reorganization. The bankruptcy court clearly "got it wrong." Its order threatens to seriously prejudice the ZAI Claimants' position in plan negotiations that will certainly intensify as Grace's June exclusivity deadline approaches.

The ZAI Claimants' straightforward nine-page motion prompted a seventeen-page response containing considerable argument on why Grace believes the bankruptcy court was correct. See e.g. Grace Resp. at 7-9 (D.I. 2). The ZAI Claimants show below that Grace has misconstrued the issues for interlocutory appeal.[1]

## I. This Appeal Meets the Standards for Interlocutory Review

Interlocutory review is permitted when an order: (a) involves a controlling question of law upon which there are (b) substantial grounds for difference of opinion, and (c) when an immediate appeal from that order may materially advance the ultimate termination of the litigation. 28 USC § 1292(b). In their motion for leave to appeal, the ZAI Claimants identified a number of controlling issues of law on which there are not only substantial grounds for difference of opinion, but on which the bankruptcy court was clearly wrong. These include: (1) the bankruptcy court's departure from the well-settled rule that state law claims in bankruptcy must be evaluated using state substantive law, and the court's application instead of a newly-minted bankruptcy common law "threshold issue"; and (2) the bankruptcy court's grant of summary judgment on that federal common law issue by weighing evidence, applying a "preponderance of the evidence" standard, and entering factual findings on issues about which there were material questions of fact. See ZAI motion at 4-5.

As to the first § 1292(b) requirement, "A controlling question of law at the very least encompasses a ruling which, if erroneous, would be reversible error on final appeal." *In re Marvel Entm't Group, Inc.*, 209 B.R. 832, 837 (D. Del. 1997). A bankruptcy court's disregard of substantive state law and application of an erroneous summary judgment standard to such significant claims in Grace's bankruptcy are two stark errors that would demand reversal on appeal.

---

[1] This reply is submitted pursuant to the district court's local rules (See D.I. 2, January 11, 2007 docket entry).

Grace's argument that the motion did not sufficiently specify the bankruptcy court's errors is without merit. Not only did the ZAI Claimants specify the clear errors (ZAI motion at 3, ¶ 11; 4, ¶ 17; 7, ¶ 22), but the motion attached the bankruptcy court's order which clearly illustrates the errors on its face. A motion for leave to appeal is not the proper place to argue the appeal. But in light of Grace's challenge that the bankruptcy court's errors have not been sufficiently described, the ZAI Claimants briefly highlight the errors as revealed by the order itself.

### A.     The Bankruptcy Court Disregarded the Summary Judgment Standard

One fundamental error warranting immediate review and reversal of the ZAI order is the bankruptcy court's failure to apply the proper summary judgment standard. The court did not attempt to determine whether material questions of fact existed. Rather, it resolved material questions of fact by selecting among conflicting evidence, weighing that evidence and reaching factual "findings" pretrial.

Before the bankruptcy court were pretrial cross-motions for summary judgment which limit a court's scope of review:

> [O]n a motion for summary judgment, the responsibility of the [bankruptcy] court is to determine if there are triable issues, rather than to try those issues and make findings based on the affidavits and other materials accompanying the motion.

*Country Floors, Inc. v. P'ship Composed of Gepner & Ford*, 930 F.2d 1056, 1062 (3d Cir. 1991).

It is hornbook law that a court hearing a summary judgment motion is not entitled to make factual findings based on the evidence, nor does the opponent of a summary judgment motion have a "burden of proof to a preponderance of the evidence" (ZAI Op. at 17) to defeat the motion:

3

> Even where a case would be heard without a jury, the court on summary judgment does not sit as a trier of fact; it only determines whether there are issues which must be tried.

*In re Unisys Sav. Plan*, 74 F.3d 420, 433, n.10 (3d Cir. 1996).

Yet the court's ruling reads like a post-trial opinion issued without a trial, as several stark examples illustrate:

> As will be seen, the two facts agreed on [that ZAI is contaminated and releases fibers when disturbed] have not been shown to have caused or to be more likely than not to cause an injury. Therefore, Claimants have not met their burden of proof to a preponderance of the evidence that there is any unreasonable risk of harm from ZAI. ZAI Op. at 16-17.[2]
>
> . . .
>
> We have considered all of the evidence and base our findings and conclusions from the evidence, as set forth below. ZAI Op. at 29.
>
> . . .
>
> The court finds that there is no unreasonable risk of harm from ZAI. ZAI Order at 1.

The bankruptcy court erred by constructing "findings and conclusions" through selection of isolated evidence from a body of conflicting proof contained in thirteen binders, including affidavits from twelve dueling experts, all of whom the court found qualified (ZAI Op. at 12).

Further, the bankruptcy court inexplicably imposed a "preponderance of the evidence" burden on the ZAI Claimants at the summary judgment stage. This also constitutes clear error:

> To raise a genuine issue of material fact, the opponent need not match, item for item, each piece of evidence proffered by the movant. In practical terms, if the opponent has exceeded the "mere scintilla" threshold and has offered a genuine issue of material fact, then the Court cannot credit the movant's version of events against the opponent, even if the quantity of the movant's evidence far outweighs that of its opponent.

*In re Unisys Sav. Plan*, 74 F.3d 420, 433, n.10 (3d Cir. 1996) (internal citations omitted).

---

[2] The ZAI Opinion is attached as Exhibit A to the ZAI Claimants' Motion for Leave to Appeal (D.I. 1).

4

When a bankruptcy court's decision is "contrary to well-established law", the second requirement of § 1292(b) is met. *In re Marvel Entm't Group*, 209 B.R. 832 at 837. And correcting an obviously erroneous ruling on claims critically important to Grace's bankruptcy reorganization cannot help but materially advance the ultimate termination of the litigation. Thus, the third requirement of § 1292(b) is satisfied as well.

### B.     The Bankruptcy Court Disregarded State Substantive Law

A second controlling question of law upon which there are, to say the least, "substantial grounds for difference of opinion" is the bankruptcy court's decision to disregard twenty years of substantive state law precedent in asbestos property damage cases and to superimpose instead self-stylized elements of a claim never before visited on any asbestos property damage claimant. These include requirements for epidemiological evidence of asbestos disease from the particular product in the building (ZAI Op. at 32-37); a requirement that the Claimants show a "doubling dose" of asbestos (i.e. exposure necessary to double the risk of disease) in the building (ZAI Op. at 34); and asbestos air levels exceeding the OSHA occupational time-weighted average (ZAI Op. at 45-47). See ZAI motion at 7, ¶ 22.

In their motion for leave to appeal, the ZAI Claimants explained that the bankruptcy court was advised well before the summary judgment hearing that "the Court's formulation of the Science Trial issue was not the proper or relevant inquiry for an asbestos property damage contamination claim, and that the proper focus of the inquiry should be on building contamination." See ZAI motion at 3, ¶ 11. The ZAI Claimants' counsel informed the bankruptcy court that extensive precedent established that the definitive issue is whether the building is contaminated by asbestos fibers. For two decades, such contamination has been

5

shown by fiber release tests and settled dust tests to determine if asbestos had been released from the material and had come to settle on building surfaces.

Grace claims that "the ZAI Claimants' bald statement that the Court departed from 'controlling legal precedent' without citing to any such precedent is insufficient on its face" to support review (Grace Resp. at 13). Again, Grace ignores the ZAI Opinion attached to Claimants' motion where the court itself recounted that the ZAI Claimants had made their position known and cited extensive precedent to support their position (ZAI Op. at 19-25). Illustrative of the numerous cases holding that surface dust contamination is sufficient to prove an asbestos property damage claim is *City of Greenville v. W.R. Grace & Co.*, 640 F. Supp. 559 (D.S.C. 1986), aff'd, 827 F.2d 975 (4th Cir. 1987), reh'g denied, 840 F.2d 219 (4th Cir. 1988). In *City of Greenville*, the trial court affirmed a jury verdict against Grace based on contamination evidence:

> The evidence further showed that the asbestos material in the City Hall was falling off the beams in some areas and was laying in pieces on top of ceiling tiles. Greenville's experts found invisible asbestos fibers on every building surface tested in amounts up to millions of fibers per square foot of surface area. Asbestos had contaminated ceiling tiles and carpets.

640 F. Supp. at 563.

On appeal, Grace argued, as it did to the bankruptcy court, that air sampling and risk analysis were necessary to determine whether a property damage claim existed. The Fourth Circuit rejected this approach:

> At most, however, Grace's evidence merely created a jury question as to how much asbestos had been released into the city hall. From the evidence presented by Greenville, the jury reasonably could have found that the city hall was contaminated by significant amounts of asbestos, and that the asbestos had come from the fallen Monokote and Monokote dust.

827 F. Supp. at 980.

6

The litany of cases the ZAI Claimants cited to the bankruptcy court agree with *City of Greenville*. See e.g. ZAI Op. at 23 [Partial listing of Claimants' precedent].

It bears repeating that <u>no case</u> in the twenty year history of asbestos property damage litigation <u>has ever accepted</u> the propositions the bankruptcy court advanced as elements of an asbestos property damage claim. Specifically, the cases:

(1) Do not require epidemiological studies. *City of Greenville*, 827 F.2d at 980, n.2 ["As Grace points out, Greenville did not introduce any epidemiological studies to show a correlation between exposure to asbestos in office buildings such as the city hall and development of asbestos-related diseases … [W]e agree with our fellow circuits that "products liability law does not preclude recovery until a 'statistically significant' number of people have been injured or until science has had the time and resources to complete sophisticated laboratory studies." (citations omitted)].

(2) Do not require a "doubling dose" of exposure. *School Dist. of Independence Mo. No. 30 v. U.S. Gypsum Co.*, 750 S.W.2d 442, 455 (Mo. Ct. App. 1988) [A jury is not required to measure the risk from an asbestos building product "against an external standard as a basis for its determination of whether [the product] was unreasonably dangerous."].

(3) Do not require exposures at occupational levels. *In re Celotex Corp.*, 196 B.R. 973, 1010 (Bankr. M.D. Fla. 1996) (insurance coverage) [Analyzing asbestos property damage cases and finding a building owner "does not have to establish the release of asbestos fibers rose to a specific level" to prove property damage, and rejecting a requirement that a plaintiff must "prove asbestos fibers exist within a building at unreasonably dangerous levels to establish property damage." 196 BR at 1008.].

The bankruptcy court understandably cited no asbestos property damage cases as authority for its contrary holdings because such authority does not exist. When a ruling is "contrary to well-established law", it satisfies the § 1292(b) requirement that there is a substantial ground for difference of opinion about it. *In re Marvel Entertainment Group*, 209 B.R. 832 at 837.

### C. Grace is Wrong in Claiming that the Bankruptcy Court Could Ignore State Law

Grace attempts to defend the bankruptcy court's creation of new federal common law governing asbestos property damage claims by arguing that the claims are now in federal court which triggers, Grace claims, "the applicability of federal law to the scientific issues before the Bankruptcy Court." Grace Resp. at 13. Grace confuses, as did the bankruptcy court, the admissibility of expert testimony under *Daubert* with the sufficiency and character of evidence to make out a state law claim. Because state law provides that an asbestos property damage claim is actionable when the building owner produces evidence of building surface contamination, the bankruptcy court's imposition of additional requirements on the viability of that claim is error.

The validity of claims in bankruptcy is governed by applicable non-bankruptcy law. *Raleigh v. Illinois Dep't. of Revenue*, 530 U.S. 15, 20 (2000). The ZAI claims are all state law claims. The bankruptcy code "does not endeavor to supplant the state substantive law under which the claim against the estate (or for that matter, any defenses, counterclaims, or other rights claimed by either party to the dispute) arose." *In re Landbank Equity Corp.*, 973 F.2d 265, 270 (4th Cir. 1992). The bankruptcy court cited no asbestos property damage opinion to support its actions, for none exists. Rather, it essentially fashioned its own federal rule of bankruptcy recovery for ZAI asbestos property damage claims. This was error. See *Tiernan v. Devoe*, 923 F.2d 1024, 1032 (3d Cir. 1991). [Federal courts can create federal common law only in areas where strong federal interests are involved, such as labor, admiralty or the rights and obligations of the United States.].

The Third Circuit has repeatedly held that all federal courts in diversity-based cases must follow state substantive law, including state rules regarding sufficiency of evidence. Quite

8

recently, in *Jaasma v. Shell Oil Co.*, 412 F.3d 501 (3d Cir. 2005), the Third Circuit reversed the district court for making the same type of error that infects the bankruptcy court's ruling. In *Jaasma*, the district court granted judgment against plaintiff on a breach of lease claim, ruling the plaintiff's evidence of breach was "insufficient legally in this circumstance" because it only showed that his property had been temporarily (but not permanently) impaired by fuel contamination. 412 F.3d at 506-507. The district court believed that only evidence of permanent contamination of property could support a claim for breach of lease. The Third Circuit reversed. It ruled that the district court was required to follow state substantive law and had erred by not following New Jersey precedent that permitted evidence of temporary impairment to support a breach of lease. 412 F.3d at 507-508. Likewise, the bankruptcy court erred here in not following state rulings on what evidence is necessary to make out an asbestos property damage claim.

Grace argues that the bankruptcy court was correct in its rulings because the Federal Rules of Evidence apply. (Grace Resp. at 13-14). This argument is a red herring. The bankruptcy court's "finding" that an asbestos contamination claim requires epidemiological studies, doubling dose, and risk assessments is not a ruling on admissibility of evidence under the Federal Rules of Evidence, but a ruling on the sufficiency of evidence. The sufficiency of evidence is governed by state law, as was made clear in *McKenna v. Pac. Rail Serv.*, 32 F.3d 820 (3d Cir. 1994). In that case, the lower federal courts had dismissed a plaintiff's claim for emotional distress, ruling that to succeed plaintiff had to introduce "competent medical testimony of an expert nature … as to the causation of any emotional distress." 32 F.3d at 833. The Third Circuit reversed, rejecting defendant's argument that the lower courts properly applied

9

the Federal Rules of Evidence to exclude lay evidence of emotional distress. The Third Circuit recognized that the evidence necessary to support a claim is a matter of state substantive law:

> The question before the magistrate judge, the district court and us does not, as [Defendant] argues, arise in the context of Rule 701 of the Federal Rules of Evidence … but is instead a matter of New Jersey law concerning whether expert evidence is needed to prove emotional distress damages in this type of case.

32 F.3d at 833.

The Third Circuit examined New Jersey cases to determine what type of evidence those courts had said was <u>sufficient</u> to make out an emotional distress claim, and reversed the lower courts for failing to do the same. 32 F.3d at 834.

The *Jaasma* and *McKenna* cases highlight the bankruptcy court's error in substituting its view of the evidence necessary to support an asbestos contamination claim for the views of numerous state and federal appellate courts that have consistently found the evidence proffered by the ZAI Claimants sufficient to make out such a claim. <u>See</u> <u>also</u> *State of Riddell v. State Farm Bureau Life Ins. Co.*, 421 F.3d 400, 408 (6th Cir. 2005) [Federal court "applies the law of the state whose substantive law governs the action to determine whether to grant or deny a motion for judgment as a matter of law based on insufficiency of the evidence."].[3]

### D. Acceptance of Review Will Materially Advance the Ultimate Resolution of ZAI Claims and Grace's Bankruptcy, Meeting Any Exceptional Circumstances Requirement

From the foregoing, it is obvious that an immediate appeal of the bankruptcy court's order may also materially advance the ultimate resolution of the ZAI litigation in the

---

[3] Grace is also off base in implying that the bankruptcy court's *Daubert* rulings are the focus of this appeal. Grace Resp. at 13-14. On the contrary, the bankruptcy court's *Daubert* rulings largely favored the ZAI Claimants. At the Claimants' request, the court excluded the maverick testimony of Grace's microscopist who had devised his own method to minimize the asbestos counts from ZAI (ZAI Op. at 41-3), and rejected Grace's *Daubert* challenges to dust sampling and analysis, finding "In asbestos litigation, dust sampling has been a useful tool for confirming asbestos contamination." (ZAI Op. at 40, n.103). Likewise, Grace's citation to *In re Armstrong World Industries*, 285 B.R. 884 (Bankr. D. Del. 2002) does not help it either, since the bankruptcy court here ruled contrary to *Armstrong* on the issue of dust testing.

extraordinary circumstances here. Although the order is fundamentally flawed, Grace and other parties in the bankruptcy will undoubtedly use it to their self interest in negotiations toward and design of a plan of reorganization. With Grace now on its ninth extension of exclusivity, and after almost six years in bankruptcy, it is likely that one way or another the "jig will be up" for Grace in the next several months. Grace's exclusivity terminates in June unless the bankruptcy court extends it, which many believe to be unlikely.[4] The continued existence of the ZAI Opinion puts the ZAI Claimants at a distinct disadvantage at this critical time in the Grace bankruptcy. Because the bankruptcy court's opinion conflicts with overwhelming asbestos property damage precedent, Grace's objective is to keep it from being reviewed while it maneuvers to negotiate with creditors. Grace knows that if it can defeat this interlocutory appeal motion, the ZAI Opinion will hang over the Claimants' heads during the plan negotiations.

Grace claims that there are no "exceptional circumstances" to justify this interlocutory appeal. Clearly there are. In the context of this case, with the pressure mounting on Grace to reach a reorganization plan in the next few months, an interlocutory appeal may, as a practical matter, be the only chance the ZAI Claimants have to be heard in a meaningful manner. Indeed, Grace has already stated that the ZAI "decision resolved a fundamental issue in the process of addressing potential ZAI Claims …" (Grace Resp. at 2). The only way the issue has been "resolved" is by an opinion that violated the summary judgment standard and ignored controlling state law. Moreover, the bankruptcy court itself believes that its opinion "may prove to be fatal to the property damage claims". (ZAI Op. at 52). Without immediate appeal, the bankruptcy

---

[4] Over two years and several extensions of exclusivity ago, the bankruptcy court warned Grace in May 2004, that "[I]f I don't have a plan that's on track and headed toward the confirmation arena, if nothing else, I don't think there will be another extension" of exclusivity. R. 6033. Tr. May 24, 2004 Hearing at 70. Grace is clearly approaching the end of the line on exclusivity.

11

court is likely to proceed to rule on such important issues as class certification and dismissal of claims under the entirely erroneous framework of the ZAI Opinion.

Grace argues that immediate appeal will interfere with its work on asbestos personal injury and traditional property damage claims evaluation (Grace Resp. at 15-16). Grace provides no factual support for that statement. To date, the personal injury, traditional property damage, and ZAI property damage claims have moved ahead on different tracks, with different schedules. There is nothing in the record to support any claim that Grace does not have enough lawyers in the various firms it employs to continue to handle its regular bankruptcy work and a single ZAI interlocutory appeal.

Immediate review of the Order will materially advance the resolution of the ZAI claims on a basis equitable to all, without one party (Grace) being able to tout an opinion that is, upon analysis, so seriously in error. After six years of bankruptcy and nine exclusivity extensions, Grace is ill-positioned to argue that this appeal will delay its reorganization.

## CONCLUSION

For the foregoing reasons, the ZAI Claimants respectfully request that the Court grant their Motion for Leave to Appeal.[5]

Dated: January 19, 2007
      Wilmington, Delaware

                                  WILLIAM D. SULLIVAN, LLC

                                  /s/ William D. Sullivan
                                  William D. Sullivan (2820)
                                  Elihu E. Allinson, III (3476)
                                  4 East 8th Street, Suite 400
                                  Wilmington, Delaware  19801
                                  Telephone: (302) 428-8191

---

[5] Nothing in this Reply should be taken as a criticism of the hard-working bankruptcy judge, who was dealing with unfamiliar issues and ruling on a cold record two years after argument. The errors discussed herein were the direct result of the bankruptcy court's acceptance of Grace's position that the bankruptcy court could disregard state law precedent because it is a federal bankruptcy court.

- and -

RICHARDSON, PATRICK,
WESTBROOK & BRICKMAN, LLC
Edward J. Westbrook
Robert M. Turkewitz
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, South Carolina  29464
Telephone:  (843) 727-6500

- and -

THE SCOTT LAW GROUP, P.S.
Darrell W. Scott
926 W. Sprague Avenue
Chronicle Building, Suite 583
Spokane, Washington  99201
Telephone:  (509) 455-3966

*Special Counsel for ZAI Claimants*

## **CERTIFICATE OF SERVICE**

      I, William D. Sullivan, hereby certify that on the 19th day of January, 2007, I caused a copy of the *Reply of the Zonolite Attic Insulation Property Damage Claimants in Support of Their Motion for Leave to Appeal* via First Class Mail to the parties on the attached service list.

*January 19, 2007*                                 */s/ William D. Sullivan*
Date                                                        William D. Sullivan

Kirkland & Ellis LLP
David M. Bernick, P.C.
Janet S. Baer
Salvatore F. Bianco
200 East Randolph Drive
Chicago, IL  60601

Reed Smith, LLP
James J. Restivo, Jr.
435 Sixth Avenue
Pittsburgh, PA  15210

Pachulski Stang Ziehl Young Jones &
Weintraub LLP
Laura Davis Jones
James E. O'Neill
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705

Bilzin Sumberg Baena Price & Axelrod LLP
Scott L. Baena
Jay M. Sakalo
200 S. Biscayne Blvd., Suite 2500
Miami, FL  33131-2336

Ferry Joseph & Pearce, P.A.
Michael B. Joseph
Theordore J. Tacconelli
Lisa L. Coggins
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE  19899

Orrick, Herrington & Sutcliffe LLP
Roger Frankel
Richard H. Wyron
3050 K Street, NW
Washington, DC  20007

Phillips, Goldman & Spence, P.A.
John C. Phillips, Jr.
1200 N. Broom Street
Wilmington, DE  19806

Stroock & Stroock & Lavan LLP
Lewis Kruger
Kenneth Pasquale
180 Maiden Lane
New York, NY  10038

Duane Morris LLP
Michael R. Lastowski
Richard W. Riley
1100 N. Market Street, Suite 1200
Wilmington, DE  19801

Duane Morris LLP
William S. Katchen
744 Broad Street, Suite 1200
Newark, NJ  07102

Kramer Levin Naftalis & Frankel LLP
Philip Bentley
Gregory Horowitz
Gary M. Becker
919 Third Avenue
New York, NY  10022

Klett Rooney Lieber & Schorling
Teresa K.D. Currier
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE  19801

Caplin & Drysdale, Chartered
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY  10152

Caplin & Drysdale, Chartered
Peter Van N. Lockwood
Nathan D. Finch
Walter B. Slocombe
Jeffrey A. Liesemer
One Thomas Circle, NW
Washington, DC  20005

Cambpell & Levine, LLC
Marla Rosoff Eskin
Mark T. Hurford
Kathleen Campbell Davis
800 N. King Street, Suite 300
Wilmington, DE  19801

Office of the United States Trustee
David M. Klauder
Trial Attorney
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE  19801