## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. Grace & Co., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

| | | |
|---|---|---|
| Zonolite Attic Insulation Property Damage Claimants | ) ) ) | |
| Appellants, | ) ) | Case No. 07-mc-005 (RLB) |
| v. | ) ) | Oral Argument: March 5, 2007 at 4 p.m. |
| W. R. Grace & Co., *et al.* | ) ) | |
| Appellees, | ) ) | |

## SUR-REPLY OF THE DEBTORS TO THE MOTION OF ZONOLITE ATTIC INSULATION PROPERTY DAMAGE CLAIMANTS FOR LEAVE TO APPEAL

Rather than squarely meet their burden of demonstrating each of the requirements for obtaining leave to appeal an interlocutory order, the ZAI Claimants' original motion papers offered only cursory assertions that the Bankruptcy Court departed from controlling legal precedent and that an immediate appeal of the ZAI Order would advance Grace's reorganization. Their reply is a more specific -- but equally unavailing -- attempt to meet the applicable standards. As shown in Sections I and II below, the ZAI Claimants now mischaracterize the ZAI Opinion as one that improperly decided material questions of fact and disregarded substantive state law. The ZAI Opinion did neither. Furthermore, as demonstrated in Sections III and IV below, the ZAI Claimants still cannot demonstrate that their appeal presents an exceptional circumstance (vs. a simple disagreement with the Bankruptcy Court) and that an immediate appeal will advance the resolution of the Chapter 11 case (vs. the negotiation interests of these particular claimants).

I.    **The ZAI Claimants Mischaracterize the Bankruptcy Court's Application of the Summary Judgment Standard.**

The ZAI Claimants attempt to frame "a controlling question of law" by arguing that the Bankruptcy Court disregarded the proper summary judgment standard.  According to the ZAI Claimants, the Bankruptcy Court "did not attempt to determine whether material questions of fact existed," but instead *resolved* material questions of fact by weighing conflicting evidence and applying a preponderance of the evidence standard. (Reply at 1-4).  This just did not happen.

First, the Bankruptcy Court recited the following standard for deciding summary judgment motions:

> Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In particular, summary judgment for defendant is warranted where plaintiffs cannot establish an essential element of their claim. *Id.* at 322; *Schoonejongen v. Curtiss-Wright Corp.*, 143 F.3d 120, 130 (3d Cir. 1998). The moving party bears the initial responsibility of identifying an absence of admissible evidence to support an essential element in a non-moving party's case. *Celotex Corp.*, 477 U.S. at 325.

> Once the moving party has shown the absence of a genuine issue of material fact as to an essential element of the non-movant's case, the burden shifts to the non-moving party to set forth affirmative evidence and specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). *See also Aronow Roofing Co. v. Gilbane Bldg. Co.*, 902 F.2d 1127,1128 (3d Cir.1 990) ("Summary judgment will be granted where the non-moving party fails to 'establish the existence' of an element essential to the case").

(ZAI Opinion at 14).[1]  Relatedly, the Bankruptcy Court explained that:

> Alleged scientific evidence that does not meet the test of reliability set forth in *Daubert* cannot be utilized to artificially create an issue of fact for trial and, thus, cannot be used to defeat a motion for summary judgment.

(*Id.*, citing *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 148 (1999)).  The ZAI Claimants do *not* dispute that this *is* the proper summary judgment standard.

---

[1] *See also id* at 51-52.

Second, following this standard, the Bankruptcy Court reviewed the proffered evidence for admissibility under *Daubert*. In its *Daubert* review, the Bankruptcy Court held that the following evidence presented by the ZAI Claimants was not admissible under *Daubert*: (a) expert testimony regarding the ZAI Claimants "market place aversion theory" (ZAI Opinion at 17-18); (b) case studies and related testimony (*Id.* at 30-31); (c) air sampling data based on Grace historical product testing (*Id.* at 43-44); and (d) air sampling data based on studies conducted by Pinchin Environmental (*Id.* at 45). Again, the ZAI Claimants do *not* contest these rulings. (Reply at 10 n.3).

Third, the Bankruptcy Court turned to the task of examining the only admissible evidence provided by the ZAI Claimants -- air sampling data based on the "Zonolite Insulation Exposure Studies" conducted by one of the ZAI Claimants' experts -- to determine whether a genuine issue of material fact existed regarding whether ZAI poses an unreasonable risk of harm. The Bankruptcy Court found that this data did not support the ZAI Claimants' assertion that ZAI poses an unreasonable risk of harm:

> The results of the excursion limit testing showed some fiber levels above that permitted by OSHA standards but only when the tests were run while asbestos was actually removed. Under the Claimants' calculations, fiber levels for asbestos removal were the only activities which exceeded OSHA standards. No other foreseeable homeowner activity, such as cleaning boxes in the attic, produced fiber levels that exceed OSHA regulations. Further, OSHA standards are intended for exposures of up to forty hours a week for up to forty years. These standards far exceed what a typical homeowner would encounter due to ZAI in the attic. At most, removal would occur only once in a home. Further, major renovations and foreseeable homeowner activities which disturb ZAI, at best, would occur intermittently and not forty hours a week for 40 years. Thus, the Ewing report does not support unreasonable risk of harm due to typical homeowner activities.

(ZAI Opinion at 46). The Bankruptcy Court, thus, granted summary judgment:

> Without any scientifically reliable evidence indicating that ZAI poses an unreasonable risk of harm, this court must grant Grace's motion for summary judgment in part and deny Claimants motion for summary judgment in part,

3

limited to the threshold issue of unreasonable risk of harm as it pertains to all proofs of claim.

(*Id.* at 52).

Critically, these findings *considered* the evidence for purposes of applying the summary judgment standard, but *did not weigh and decide* conflicting evidence. The ZAI Claimants' characterization of the ZAI Opinion as placing a "burden of proof to a preponderance of the evidence" (Reply at 3) on the opponent of a summary judgment motion is merely a function of selective quotation. The sole basis for this characterization is the phrase "burden of proof to a preponderance of the evidence" in the following quote cited by the ZAI Claimants:

> As will be seen, the two facts agreed on [that ZAI is contaminated and releases fibers when disturbed] have not been shown to have caused or to be more likely than not to cause injury. Therefore, Claimants have not met their burden of proof to a preponderance of the evidence that there is any unreasonable risk of harm to ZAI.

(Reply at 4) (quoting ZAI Opinion at 16-17). However, the ZAI Claimants omit the sentence prior to this quote, where the Bankruptcy Court stated that "Claimants have not produced any evidence of a causal link between any deceptive act, assuming there was one, and any injury." (ZAI Opinion at 16). Thus, the Bankruptcy Court did not weigh conflicting evidence (Reply at 3) or place a burden on the ZAI Claimants to prove that ZAI poses an unreasonable risk of harm by a preponderance of the evidence. Instead, the Bankruptcy Court granted summary judgment because there was *no admissible evidence* from which a *reasonable trier of fact could find by a preponderance of the evidence* that ZAI poses an unreasonable risk of harm. This is entirely consistent with the well-established summary judgment standard:

> Progressing to the specific issue in this case, we are convinced that the inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits. If the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but

4

whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. *The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict-"whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed."*

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986) (emphasis added).    The ZAI Claimants fail to cite any case law to the contrary.[2]

## II.    The Bankruptcy Court Did Not Disregard Substantive State Law.

The ZAI Claimants attempt to identify a second "controlling question of law" by asserting that the Bankruptcy Court disregarded "state law provid[ing] that an asbestos property damage claim is actionable when the building owner produces evidence of building surface contamination." (Reply at 8).    Specifically, the ZAI Claimants argue that contamination is sufficient under state law to prove a claim because "any exposure to asbestos fibers is an unreasonable risk." (ZAI Opinion at 19).

---

[2] *See also Williams v. Borough of West Chester, Pa.,* 891 F.2d 458, 460 (3d Cir. 1989) (holding that "a nonmoving party must adduce more than a mere scintilla of evidence in its favor" and "[s]ummary judgment motions thus require judges to 'assess how one-sided evidence is, or what a 'fair-minded' jury could 'reasonably' decide'"); *Muegge v. Heritage Oaks Golf & Country Club, Inc.* 2006 WL 3591957 (11th Cir. 2006) ("Because the evidence presented could not sustain a verdict, by a preponderance of the evidence, against any particular defendant, the district court properly granted summary judgment."); *Moross Ltd. P'ship v. Fleckenstein Capital, Inc.,* 466 F.3d 508, 517 (6th Cir. 2006) (affirming summary judgment in favor of defendant where facts alleged by plaintiff were "not enough to allow a rational trier of fact to find for the plaintiff by a preponderance of the evidence"); *Morgan v. United Parcel Serv. of America, Inc.,* 380 F.3d 459, 463 (8th Cir. 2004) ("[I]n a motion for summary judgment, the judge's inquiry unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict.") (quotations omitted); *Banes v. Otis Elevator Co.,* 2 Fed.Appx. 461, 465 (6th Cir. 2001) ("Thus, if there is not sufficient evidence to allow a jury to find, by a preponderance of the evidence, in favor of [plaintiff] in her tort action, then summary judgment must be granted in favor of [defendant]."); *Sylvia Dev. Corp. v. Calvert County, Md.,* 48 F.3d 810, 818 (4th Cir. 1995) ("In the end, the non-moving party must do more than present a 'scintilla' of evidence in its favor. Rather, the non-moving party must present sufficient evidence such that 'reasonable jurors could find by a preponderance of the evidence' for the non-movant.") (quotations and internal citations omitted); *Conde v. Velsicol Chem. Corp.,* 804 F.Supp. 972, 977 (S.D. Ohio 1992) (granting defendants' summary judgment motion regarding medical causation because "plaintiffs have failed to offer opinion testimony admissible under Rules 702 and 703, Fed.R.Evid. from which a jury could find by a preponderance of the evidence that the [defendants'] exposure to chlordane caused their symptoms and diseases.").

This argument suffers, first, from the basic defect that the question of whether any exposure to asbestos is an unreasonable risk is one of fact, not law. The ZAI Claimants have not cited any cases holding that mere "contamination" constitutes an unreasonable risk of harm as a matter of law.

Because the issue of whether there is a reasonable risk of harm is factual, the ZAI Claimants' "no threshold theory" for demonstrating unreasonable risk was subject to *Daubert* requirements for admissibility. As the Bankruptcy Court noted, the "no threshold" theory has been rejected by courts and could not satisfy *Daubert* (ZAI Opinion at 20-21). Not only did the ZAI Claimants fail to present the Bankruptcy Court with any evidence supporting their theory that any exposure to asbestos fibers is an unreasonable risk (*Id.* at 19-21), their own expert testified otherwise:

> [B]oth Grace's experts and Claimants' experts have acknowledged that some levels of exposure pose no risk. In fact, Dr. Henry Anderson, Claimants' medical expert, testified that individuals in urban areas live with low levels of asbestos exposure their entire lives without risking their health and that there are levels of exposure to asbestos in ZAI that are not medically significant.

(*Id.* at 21).[3]

Furthermore, the Bankruptcy Court found that even if the "no threshold concept" was applicable and satisfied *Daubert*, the cases cited by the ZAI Claimants were not inconsistent with its ruling in this case. (*Id.* at 22). Those cases involved the alleged release of significant amounts of asbestos or other toxins into living or working areas. (*Id.* at 22-24). Here, the ZAI Claimants failed to submit any "evidence that asbestos was released into living or working areas absent large scale renovation or demolition." (*Id.* at 24). In fact, the evidence established the

---

[3] Because summary judgment was granted due to the ZAI Claimants' failure to present *any* admissible evidence from which a reasonable trier of fact could find that ZAI poses an unreasonable risk of harm, the ZAI Claimants' suggestion that the Court required risk assessments, epidemiological studies, double dosing of asbestos in the building, or asbestos air levels exceeding the OSHA time-weighted average (Reply at 5) is simply irrelevant to the appeal.

opposite: even upon disturbance for foreseeable homeowner activities, asbestos concentrations are not elevated throughout the house. (*Id.*).[4]  The Bankruptcy Court found itself "faced with the assertion that the mere presence of ZAI in attics poses an unreasonable risk of harm but with no evidence to support that contention." (*Id.*).  Therefore, the Bankruptcy Court granted summary judgment because "[w]ithout evidence of the presence of asbestos fibers, the mere potential for contamination and release alone is insufficient . . . to substantiate that there is any unreasonable risk of harm." (*Id.* at 25).

**III.    An Immediate Appeal of the ZAI Order Will Not Materially Advance the Ultimate Resolution of the Bankruptcy.**

The ZAI Claimants have failed to demonstrate that an immediate appeal will materially advance resolution of these Chapter 11 cases.  Instead, they seek to render this separate §1292(b) requirement meaningless by arguing that it can be met by simply demonstrating a "controlling issue of law" -- *i.e.*, they argue that the reorganization will be served because, in their opinion, the ZAI Opinion is "fundamentally flawed" and "violated the summary judgment standard and ignored controlling state law" (Reply at 11).  The ZAI Claimants fail to provide any authority for this assertion.  And for good reason -- the authority is clearly to the contrary. *See, e.g., United States v. Exide Corp.*, 2002 WL 992817, at *2-3 (E.D. Pa. 2002) (Buckwalter, J.) (although the court noted that movant was "persuasive as to whether the order presents questions on which there is substantial ground for difference of opinion, as required by the second factor,"

---

[4] Again, there was no factual dispute on the issue:

> Claimants' expert, Mr. William M. Ewing, explained that the mere presence of ZAI in an attic does not release asbestos fibers into the air of either the attic or the living areas of the home. Dr. Morton Corn, Grace's expert, agreed in his Expert Witness Report that "airborne asbestos concentrations during disturbance are measurable in the breathing zones of those in the immediate vicinity of the disturbance, but not elevated throughout the entire home."

(ZAI Opinion at 24).

7

certification for leave to appeal was denied because "all three of the requirements under §
1292(b) must be met").

The ZAI Claimants' further argument that an immediate appeal will advance the Chapter
11 cases because "the ZAI Opinion will hang over [their] heads during plan negotiations" (Reply
at 11) only confuses the issue. The ZAI Claimants must demonstrate that immediate appeal will
advance resolution of these Chapter 11 cases, not that it will advance their own interests. *See In
re Edison Bros. Stores, Inc.*, 1996 WL 363806, at *3 (D. Del. 1996) ("the court is not convinced
that an immediate appeal in this case will materially advance the ultimate termination of the
litigation (as opposed to materially advancing the rights of appellants, as they argue).").

The ZAI Claimants' related argument that an immediate appeal is warranted because
their claims are critical to Grace's reorganization merely assumes what is at issue: their over-
inflated view of the value of their claims. And the history of these Chapter 11 cases is entirely at
odds with their contention. As Grace has made clear from day one of these Chapter 11 cases, its
bankruptcy was necessitated by the skyrocketing filing of *asbestos personal injury claims*.
These Chapter 11 cases have always been driven by the need to determine Grace's asbestos
personal injury liability, not the value of ZAI claims. There is *no* history of adverse judgment or
settlements arising from ZAI claims.

Rather than advance the resolution of these Chapter 11 cases, an immediate appeal would
only cause delay. (Objection at 14-16). The ZAI Claimants' attempt to argue to the contrary is
self-contradictory: they argue that this is a "critical time in the Grace bankruptcy" (Reply at 11)
and "pressure [is] mounting on Grace to reach a reorganization plan in the next few months"
(*Id.*), while at the same time baselessly asserting that Grace should have no trouble
simultaneously handling an appeal of the ZAI Opinion (*Id.* at 12). Obviously, diverting

8

DOCS_DE:125595.1

resources from the critical tasks underway in the Bankruptcy Court cannot advance the resolution of the Chapter 11 cases.

## IV.    No Exceptional Circumstances Exist.

The ZAI Claimants argue that their appeal presents an exceptional circumstance because "with the pressure mounting on Grace to reach a reorganization plan in the next few months, an interlocutory appeal may, as a practical matter, be the only chance the ZAI Claimants have to be heard in a meaningful manner." (Reply at 11). However, the ZAI Claimants fail to provide any support or explanation for this assertion. The ZAI Claimants' repeated argument that exceptional circumstances exist based on their belief that "the ZAI Opinion puts the ZAI Claimants at a distinct disadvantage" (Reply at 11) in plan negotiations proves too much -- anytime a decision is entered with which a party disagrees, that party arguably loses leverage in negotiations. The ZAI Claimants are in the remarkably unexceptional position of simply disagreeing with an order and decision issued by the Bankruptcy Court.

WHEREFORE, Grace respectfully requests that the Court deny the ZAI Claimants'

request for leave to appeal the Bankruptcy Court's ZAI Opinion.


Dated:  March 2, 2007                    KIRKLAND & ELLIS LLP
                                          David M. Bernick, P.C.
                                          Janet S. Baer
                                          Salvatore F. Bianca
                                          200 East Randolph Drive
                                          Chicago, Illinois 60601
                                          Telephone:  (312) 861-2000
                                          Facsimile:  (312) 861-2200

                                          and

                                          PACHULSKI STANG ZIEHL YOUNG JONES
                                          & WEINTRAUB LLP

                                          Laura Davis Jones (Bar No. 2436)
                                          James E. O'Neill (Bar No. 4042)
                                          Curtis A. Hehn (Bar No. 4264)
                                          919 North Market Street, 17th Floor
                                          P.O. Box 8705
                                          Wilmington, Delaware 19899-8705 (Courier 19801)
                                          Telephone: (302) 652-4100
                                          Facsimile: (302) 652-4400

                                          Co-Counsel for the Debtors and Debtors in Possession

DOCS_DE:125595.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. Grace & Co., <u>et al</u>., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| | ) | |

| | | |
|---|---|---|
| Zonolite Attic Insulation Property Damage Claimants | ) | |
| | ) | |
| | ) | |
| Appellants, | ) | Case No. 07-CV-005 (RLB) |
| | ) | |
| v. | ) | |
| | ) | Oral Argument: March 5, 2007 at 4 p.m. |
| W. R. Grace & Co., *et al.* | ) | |
| | ) | |
| Appellees, | ) | |

**CERTIFICATE OF SERVICE**

I, Curtis A. Hehn, hereby certify that on the 2nd day of March, 2007, I caused a

copy of the following document(s) to be served on the individuals on the attached service list(s)

in the manner indicated:

**SUR-REPLY OF THE DEBTORS TO THE MOTION OF ZONOLITE
ATTIC INSULATION PROPERTY DAMAGE CLAIMANTS FOR LEAVE
TO APPEAL.**

_____
Curtis A. Hehn (Bar No. 4264)

91100-001\DOCS_DE:123093.32

W. R. Grace Core Group Service List
Case No. 01-1139 (JKF)
Document Number: 27348
07 – Hand Delivery
11 – First Class Mail

(Counsel to Debtors and Debtors in
Possession)
Laura Davis Jones, Esquire
James E. O'Neill, Esquire
Pachulski Stang Ziehl Young Jones &
Weintraub LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

(Copy Service)
Parcels, Inc.
Vito I. DiMaio
10th & King Streets
Wilmington, DE 19801

*Hand Delivery*
(Counsel to Official Committee of
Unsecured Creditors)
Michael R. Lastowski, Esquire
Richard W. Riley, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246

*Hand Delivery*
(Local Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

*Hand Delivery*
(Local Counsel to Asbestos Claimants)
Marla Eskin, Esquire
Mark T. Hurford
Campbell & Levine
800 North King Street, Suite 300
Wilmington, DE 19801

*Hand Delivery*
(Counsel for The Chase Manhattan Bank)
Mark D. Collins, Esquire
Deborah E. Spivack, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

*Hand Delivery*
(Counsel for Property Damage Claimants)
Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

*Hand Delivery*
(United States Trustee)
David Klauder, Esquire
Office of the United States Trustee
844 King Street, Room 2311
Wilmington, DE 19801

*Hand Delivery*
(Equity Committee Counsel)
Teresa K. D. Currier
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

*First Class Mail*
(Counsel to Debtor)
David B. Bernick, P.C.
Janet Baer, Esquire
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

*First Class Mail*
(W. R. Grace & Co.)
Mark Shelniz
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD 21044

*First Class Mail*
(Official Committee of Unsecured
Creditors)
Lewis Kruger, Esquire
Kenneth Pasquale, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

*First Class Mail*
(Official Committee of Personal Injury
Claimants)
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152

*First Class Mail*
(Official Committee of Property Damage
Claimants)
Scott L. Baena, Esquire
Member
Bilzin Sumberg Dunn Baena Price &
Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL 33131

*First Class Mail*
(Equity Committee Counsel)
Philip Bentley, Esquire
Thomas M. Mayer, Esquire
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

*First Class Mail*
Peter Van N. Lockwood, Esquire
Julie W. Davis, Esquire
Trevor W. Swett, III, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC 20005

*First Class Mail*
(Counsel to Official Committee of
Unsecured Creditors)
William S. Katchen, Esquire
Duane Morris LLP
744 Broad Street
Suite 1200
Newark, NJ 07102-3889

*First Class Mail*
(Counsel to DIP Lender)
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

*First Class Mail*
(Counsel to David T. Austern, Future
Claimant's Representative)
Roger Frankel
Richard H. Wyron
Matthew W. Cheney
Orrick Herrington & Sutcliffe LLP
3050 K Street, NW
Washington, DC 20007

*First Class Mail*
(Counsel to David T. Austern, Future
Claimant's Representative)
Phillips, Goldman & Spence, P.A.
John C. Phillips, Jr.
1200 North Broom Street
Wilmington, DE 19806

**W. R. Grace Zonalite Appeal Service List**
Case No. 01-1139 (JKF)
Document Number:  123887
1 – Hand Delivery
4 – Overnight Delivery


*Hand Delivery*
William D. Sullivan, Esquire
William D. Sullivan, LLC
4 East 8th Street, Suite 400
Wilmington, DE  19801

*Overnight Delivery*
David M. Bernick, P.C.
Janet S. Baer, Esquire
Salvatore F. Bianca, Esquire
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601

*Overnight Delivery*
James J. Restivo, Jr., Esquire
Reed Smith, LLP
435 Sixth Avenue
Pittsburgh, PA  15210

*Overnight Delivery*
Edward J. Westbrook, Esquire
Robert M. Turkewitz, Esquire
Richardson, Patrick, Westbrook & Brickman, LLC
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, SC  29464

*Overnight Delivery*
Darrell W. Scott, Esquire
The Scott Law Group, P.S.
926 W. Sprague Avenue
Chronicle Building, Suite 583
Spokane, WA  99201

Grace ZAI Appeal Fax Service List
Case No. 01-1139 (JKF)
Document # 125589
22 - Facsimile


*Facsimile 302-426-9947*
Mark T. Hurford, Esquire
Marla Rosoff Eskin, Esquire
Matthew G. Zaleski, III, Esquire
(Counsel for Asbestos Personal Injury Claimants)
(Special Request)

*Facsimile 302-658-6548*
Mark D. Collins, Esquire
(Counsel for The Chase Manhattan Bank)
(Special Request)

*Facsimile 302-575-1714*
Michael B. Joseph, Esquire
Theodore J. Tacconelli, Esquire
(Counsel for Property Damage Claimants)
(Special Request)

*Facsimile 302-658-6395*
Steven M. Yoder, Esquire
(Local Counsel to DIP Lender)
(Special Request)

*Facsimile 302-573-6497*
David Klauder, Esquire
(United States Trustee)
(Special Request)

*Facsimile 410-531-4545*
Mark Shelnitz
(W. R. Grace & Co.)
(Special Request)

*Facsimile 212-644-6755*
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
(Official Committee of Personal Injury Claimants)
(Special Request)

*Facsimile 212-806-6006*
Lewis Kruger, Esquire
(Official Committee of Unsecured Creditors)
(Special Request)

*Facsimile 305-374-7593*
Scott L. Baena, Esquire
(Official Committee of Property Damage Claimants)
(Special Request)

*Facsimile 212-715-8000*
Philip Bentley, Esquire
(Counsel for Equity Committee)
(Special Request)

*Facsimile 312-993-9767*
J. Douglas Bacon, Esquire
(Counsel to DIP Lender)
(Special Request)

*Facsimile 302-657-4901*
Michael R. Lastowski, Esquire
(Counsel to Official Committee of Unsecured Creditors)
(Special Request)

*Facsimile  302-428 8195*
William D. Sullivan, Esquire
(Counsel for Zonolite Attic Litigation Plaintiffs, Medical Monitoring Claimants and Solow)
(Special Request)

*Facsimile 973-424-2001*
William S. Katchen, Esquire
(Special Request)

*Facsimile 302-428-8195*
Teresa K.D. Currier, Esquire
(Equity Committee Counsel)
(Special Request)

*Facsimile 202-429-3301*
Peter Van N. Lockwood, Esquire
Albert G. Lauber, Esquire
Nathan D. Finch, Esquire
Max C. Heerman, Esquire
(Counsel for Asbestos Personal Injury Claimants)
(Special Request)

91100-001\DOCS_DE:125589.1                                   2

*Facsimile 509-747-2323*
Darrell W. Scott, Esquire
(Special Counsel for ZAI Claimants)
(Special Request)

*Facsimile 412-288-3063*
James J. Restivo, Jr., Esquire
Lawrence E. Flatley, Esquire
Douglas E. Cameron, Esquire
James W. Bentz, Esquire
Andrew Muha, Esquire
(Special Counsel to the Debtors for ZAI)
(Special Request)

*Facsimile 843-216-6509*
Edward J. Westbrook, Esquire
Robert M. Turkewitz, Esquire
(Counsel for ZAI Claimants and Solow)
(Special Request)

*Facsimile 302-655-4210*
John C. Phillips, Jr., Esquire
(Counsel to David T. Austern as Future Claimants' Representative)
(Special Request)

*Facsimile 202-339-8500*
Roger Frankel, Esquire
Richard H. Wyron, Esquire
Matthew W. Cheney, Esquire
(Counsel to David T. Austern as Future Claimants' Representative)
(Special Request)

*Facsimile 312-861-2200*
David M. Bernick, P.C.
Janet S. Baer, Esquire
Salvatore F. Bianca, Esquire
Kirkland & Ellis LLP