## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. Grace & Co., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

---

| | | |
|---|---|---|
| Zonolite Attic Insulation Property Damage Claimants | ) ) | |
| | ) | |
| Appellants, | ) | Case No. 07-CV-005 (RLB) |
| | ) | |
| v. | ) | |
| | ) | |
| W. R. Grace & Co., et al. | ) | |
| | ) | |
| Appellees, | ) | |

### DEBTORS' OBJECTION TO ZAI CLAIMANTS' MOTION
### FOR RECONSIDERATION OF MARCH 26, 2007 ORDER

The ZAI Claimants' Motion for Reconsideration is an improper attempt to re-argue issues already considered by this Court in denying the ZAI Claimants' request for leave to appeal the Bankruptcy Court's ZAI Opinion.[1]  As shown in Section I below, this Court rightly denied the ZAI Claimants' request for leave to appeal.  Each of the arguments raised by the ZAI Claimants in the Motion remain as flawed today as when they were first raised before this Court.  Moreover, as shown in Sections II-V, there is no basis for the ZAI Claimants' request.  Although stated as a motion for *reconsideration*, the ZAI Claimants instead invoke the standards for *reargument*.  Notably missing from the Motion is any discussion of the applicable legal standards for a motion to reconsider.  And for good reason -- motions for reconsideration may be brought only to correct manifest errors or present newly discovered evidence.  Neither exist here.

---

[1] Order Resolving Motion for Partial Summary Judgment, Cross Motions for Summary Judgment and Scheduling a Status Conference and Memorandum Opinion, dated December 14, 2006. (Case No. 01-1139, Dkt. Nos. 14014 and 14015).

Because these requirements cannot be met, the ZAI Claimants try to fit the present case into Delaware Local Rule 7.1.5, which allows for re-argument when a court has patently misunderstood a party. As demonstrated below, this Court fully understood the ZAI Claimants' arguments and rejected them after thorough consideration. Accordingly, the Motion must be denied.

## I.    This Court Correctly Denied the ZAI Claimants' Request for Leave to Appeal

Essentially, the ZAI Claimants argue three points in their effort to convince this Court of matters squarely considered in its denial of the ZAI Claimants' request for leave to appeal the ZAI Opinion. Each of these arguments lack any merit and should be rejected out of hand.

First, the ZAI Claimants argue that not only did the Bankruptcy Court get *City of Greenville v. W.R. Grace & Co.,* 827 F.2d 975 (4th Cir. 1987) wrong, but that this Court did as well.[2] However, the ZAI Claimants cannot bring themselves to address the plain language of *Greenville.* The ***legal standard*** in *Greenville* was whether a product was "unreasonably dangerous."[3] Under the specific facts of the case, the *Greenville* court found that there was sufficient evidence for a reasonable jury to find that contamination levels were unreasonably dangerous in that particular instance.[4] The Bankruptcy Court applied the ***same*** legal standard, but on a different record. Also, importantly, this case is pending in a world subject to the Supreme Court's guidance in *Daubert.* The first step of the Bankruptcy Court's analysis in the ZAI Opinion was to apply those principles. No issue of law, much less a controlling issue of law upon which there are substantial grounds for disagreement, is present.

---

[2]  Motion at 2-4.

[3]  *City of Greenville,* 827 F.2d at 979-81.

[4]  *Id.* at 980-81.

Second, the ZAI Claimants argue that this Court misapprehended their motion to appeal summary judgment, instead, addressing the merits of their claims.[5] This assertion completely blinks away the reality of what the parties and this Court have just been through at the ZAI Claimants' request. The briefing and oral argument before this Court pertained to the issue of summary judgment. It was on review of the Bankruptcy Court's grant of summary judgment that this Court ruled.

Third, the ZAI Claimants insinuate that failure to consider the appeal will lead to an unconformable plan of reorganization.[6] Not only was this point raised and considered by this Court, the ZAI Claimants still fail to come to grips with the fact that the same argument can be made by any claimant with a grossly inflated view of the merits and scope of its claim. The ZAI Claimants' unrealism is also reflected in their complete failure to come to grips with the undisputed fact that their appeal asks this Court to extricate them from the consequences of the decision they made to press their litigation after the Bankruptcy Court forewarned both sides of the consequences of failing to settle before it ruled. The ZAI Claimants chose to gamble and they lost.

The foregoing points and responses, of course, assume that the ZAI Claimants are permitted by applicable rules to take a second bite at the apple. As demonstrated below, that assumption is just as obviously unwarranted. The standards for reconsideration and reargument are to the contrary. Nowhere do the ZAI Claimants address the standards for reconsideration, much less attempt to meet them. And nowhere do they establish that they have satisfied the very narrow circumstances upon which reargument can be granted.

---

[5] Motion at 2.

[6] Motion at 6-9.

## II.    The ZAI Claimants Ignore the Applicable Standards

The ZAI Claimants base their Motion on Local Rule 7.1.5, suggesting that this Court misunderstood their arguments.  At the outset, the ZAI Claimants misinterpret this rule.  Local Rule 7.1.5 provides for reargument, but plainly what the ZAI Claimants are requesting is reconsideration of the order entered by this Court. [7]  The ZAI Claimants, however, fail to address the requirements for reconsideration and certainly cannot meet them.  Because the ZAI Claimants fail to state the appropriate standards for their request, the Debtors will briefly summarize them.

- ***Standards for Reconsideration.***  When a party files a motion for reconsideration under Local Rule 7.1.5 and challenges the correctness of a previously entered ordered, it is considered the "functional equivalent" of a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). [8]  Accordingly, a party erroneously moving under Local Rule 7.1.5 for reconsideration (as opposed to merely reargument), must meet the requirements for reconsideration under Federal Rule of Civil Procedure 59(e).  A district court should grant such a motion for reconsideration only when the moving party shows: (1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence which was not available to the moving party at the time of judgment; or (3) there is a need to correct a legal or factual error which has resulted in a manifest injustice. [9]  Moreover, even if the court had committed one of these errors, there is no need to grant a motion for reconsideration if it would not alter the court's initial decision. [10]

---

[7] Del. L.R. 7.1.5 provides as follows:

> A motion for re-argument shall be served and filed within 10 days after the filing of the Court's opinion or decision. The motion shall briefly and distinctly state the grounds therefor. Within 10 days after service of such motion, the opposing party may serve and file a brief answer to each ground asserted in the motion. The Court will determine from the motion and answer whether re-argument will be granted.

[8] *Corning Inc. v. SRU Biosystems*, 2006 WL 155255, at *1 (D. Del. 2006); *In re DaimlerChrysler AG Securities Lit.*, 200 F.Supp.2d 439, 441 (D. Del. 2002).

[9] *See eSpeed, Inc. v. Brokertec USA, L.L.C.*, 2005 WL 83471 (D. Del. 2005) (*citing Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *see also Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

[10] *See Pirelli Cable Corp. v. Ciena Corp.*, 988 F. Supp. 424, 445 (D. Del. 1997).

4

- ***Standards for Reargument Under Delaware Local Rule 7.1.5.*** "Reargument under Del. L.R. 7.1.5, like reconsideration, is granted sparingly, but the grounds justifying reargument differ slightly from that which is required for reconsideration."[11]  Specifically, reargument is ***only*** appropriate where: (1) the court has patently misunderstood a party, (2) the court has made an error not of reasoning, but of apprehension, and (3) the court has made a decision outside the scope of the issues presented to the court by the parties.[12]

## III.    The ZAI Claimants Have Failed to Demonstrate the Requirements for Reconsideration

The ZAI Claimants' Motion fails to acknowledge the strict standard applicable to a motion for reconsideration, let alone demonstrate that it has been met.   In fact, the ZAI Claimants fail to cite *any* new fact, *any* new law, or *any* reason why this Court's decision is unjust.  First, the ZAI Claimants do not claim that there has been a change in the prevailing law, *i.e.*, there is no intervening change in the controlling law regarding the standards for granting leave to take an interlocutory appeal.  Both parties agreed that this Court should apply the familiar 28 U.S.C. § 1292(b) standards and permit the appeal only where the interlocutory order "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."[13]   Second, the ZAI Claimants do not allege that they have any newly discovered evidence which was not available to them at the time this Court rendered its decision denying leave to appeal.  Therefore, the ZAI Claimants' only possible argument is the implausible claim that their motion for reconsideration should be granted because it is necessary to "correct a clear error of law or fact or to prevent manifest injustice."

---

[11] *Corning Inc.*, 2006 WL 155255, at *1.

[12] *Id*, at * 1 n.1; *TI Group Auto. Sys, (North America), Inc. v. VDO North America, L.L.C.*, 2002 WL 87472, at *1 (D. Del. 2002); *Schering Corp. v. Amgen Inc.*, 25 F.Supp.2d 293, 295 (D. Del. 1998); *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990).

[13] *See* March 26, 2007 Order (Dkt. No. 12).

The Court's decision to deny the ZAI Claimants' leave for appeal contains no clear error of law or fact and reconsideration is not needed to prevent some manifest injustice. The issue before this Court was whether to grant leave for interlocutory appeal. That is a highly discretionary issue where the Court could grant leave to permit the appeal when the order (1) involves a controlling question of law upon which there is (2) substantial grounds for difference of opinion, and (3) an immediate appeal from the from the order may materially advance the ultimate termination of the litigation.[14] The ZAI Claimants were also required to establish exceptional circumstances to justify a departure from the basic policy of postponing review until after entry of a final judgment. With these standards in mind, this Court correctly concluded that the ZAI Claimants did not meet their burden to demonstrate grounds for interlocutory review. And even if all of these factors were present, this Court *still* could have denied the ZAI Claimants' request for leave to appeal.[15] This alone demonstrates that denying the motion for leave to appeal cannot constitute a clear error of law.

The ZAI Claimants suggest that this Court erred in holding that they failed to identify a controlling issue of law upon which there is substantial grounds for difference of opinion. Specifically, they suggest that this Court should have held that the ZAI Opinion is contrary to controlling precedent holding that evidence of contamination automatically entitles claimants to

---

[14] *See In re Edison Bros. Stores, Inc.*, 1996 WL 363806, at *3 (D. Del. 1996); *In re Delaware and Hudson Ry. Co.*, 96 B.R. 469, 472 (D. Del. 1989).

[15] *See Shurance v. Planning Control Intern., Inc.*, 839 F.2d 1347, (9th Cir. 1988) ("even if we found this appeal met the requirements of section 1292(b), we would nonetheless exercise our discretion to deny leave to appeal.") *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976) ("The certification procedure is not mandatory; indeed, permission to appeal is wholly within the discretion of the courts, even if the criteria are present."); *Premick v. Dick's Sporting Goods, Inc.*, 2007 WL 588992, at * 1 (W.D. Pa. 2007) ("However, even if all three criteria under Section 1292(b) are met, a district court may still deny certification, as the decision is entirely within the district court's discretion."); *In re National Steel Corp.*, 2005 WL 2171169, at * 3 (N.D. Ill. 2005) ("a district court has unfettered discretion to grant or deny leave to appeal an interlocutory order from a bankruptcy court.").

a hearing before a finder of fact.[16]  The Court carefully considered this issue and rightly rejected the ZAI Claimants' arguments.

The ZAI Claimants still have not pointed to a single case where evidence of contamination alone was sufficient for a property damage case to go to a jury. As this Court recognized, the case consistently cited by the ZAI Claimants -- *City of Greenville* -- did not stand for this proposition.[17]  Instead, the court in *City of Greenville* denied a motion for judgment notwithstanding the verdict because it found that there was sufficient evidence to "reasonably support a jury finding that the levels of contamination posed significant health risks for building occupants."[18]  Thus, the court in *Greenville* recognized that a hearing before a trier of fact was appropriate if a property damage claimant presented evidence ***upon which a reasonable jury could find that there were significant health risks***. Here, the ZAI Claimants simply failed to provide any admissible evidence that ZAI poses an unreasonable risk of harm.  Accordingly, the Bankruptcy Court's grant of summary judgment was appropriate under the summary judgment standard and did not conflict with any controlling state law.

Furthermore, the ZAI Claimants' proposition that "[t]he jury, not the court always decides [whether an asbestos product is unreasonably dangerous] when there is conflicting evidence" (Motion at 4) ignores the facts of this case and the well-established summary judgment standard followed by the Bankruptcy Court and recognized by this Court.[19]  First, there was no conflicting evidence as to whether ZAI poses an unreasonable risk of harm.  The ZAI Claimants failed to present the Bankruptcy Court with any evidence supporting their theory that

---

[16]  Motion at 1-6.

[17]  Order at 3.

[18]  *Id.*

[19]  *See* Order at 2 ("First, ZAI argues that the court disregarded the summary judgment standard, but my reading of the court's opinion is that the standards were not only enunciated in the opinion but followed by the court.").

any exposure to asbestos fibers is an unreasonable risk (in fact, their own expert testified otherwise), and failed to submit any admissible "evidence that asbestos was released into living or working areas absent large scale renovation or demolition."[20]    Second, even if there was conflicting evidence, that alone is not enough to survive summary judgment.    To survive summary judgment, the evidence must be more that a scintilla and must be sufficient for a **_reasonable trier of fact to find by a preponderance of the evidence_** that ZAI poses an unreasonable risk of harm.[21]

## IV.    The Motion is an Inappropriate Attempt to Rehash Arguments Considered And Rejected by this Court

The ZAI Claimants motion makes clear that they are simply seeking to rehash the same arguments already considered by this Court.    Motions for reconsideration **_cannot_** be used to reargue issues that the court has already considered and decided.[22]    "This Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure."[23]    The ZAI Claimants already made each of the arguments asserted in their Motion, in their previous briefs and in oral argument.

- First, the ZAI Claimants argue that "they are entitled to a hearing before a finder of fact upon presentation of evidence of asbestos contamination."[24]    They made this argument in various iterations in their briefs and at oral argument. *See, e.g.,* Motion for Leave to Appeal (Dkt. No. 1) at 7; Reply (Dkt. No. 4) at 6-7; Tr. of Hr'g at 9:5-11, 42:16-25.

---

[20] *See* Sur-reply of the Debtors to the Motion of Zonolite Attic Insulation Property Damage Claimants for Leave to Appeal (Dkt. No. 9), at 6-7.

[21] *See id.* at 4-5.

[22] *See, e.g., Max's Seafood Café*, 176 F.3d at 677; *Harsco Corp*, 779 F.2d at 909; *Biggins v. Carroll*, 2002 WL 31107365, at *1 (D. Del. 2002).

[23] *Quaker Allow Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988).

[24] Motion at 2.

- Second, the ZAI Claimants argue that contamination was sufficient for a case to go to the jury in *City of Greenville* and that they presented evidence of asbestos contamination greater than that demonstrated in *Greenville*.[25] These argument were presented in briefs and at oral argument. *See* Reply at 6 (arguing that contamination was sufficient for case to be sent to jury); Tr. of Hr'g at 39:1-10 (arguing that ZAI Claimants presented contamination greater than that in *Greenville*); *id*. at 42:16-25 (same).

- Finally, the ZAI Claimants argue that any plan of reorganization would fail unless an immediate appeal is granted.[26]  Again, this was an argument previously made to this Court by the ZAI Claimants. *See* Tr. of Hr'g at 61:1-8; 64:1-7.

The Court considered each of these arguments and rejected them.  Accordingly, the ZAI Claimants' request to rehash these arguments must be denied.

The ZAI Claimants allege that reconsideration is needed to "give them the chance to fully brief the issues."[27]  The ZAI Claimants had ample opportunities to "fully brief" their request for an appeal and should not be given a second bite because the first one was unsuccessful. *See eSpeed, Inc. v. Brokertec USA, L.L.C.*, 2005 WL 83471, at *1 (D. Del. 2005) ("Courts should be particularly vigilant that motions for reargument or reconsideration are not used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.").[28]  Simply put, there is no legal equivalent of the playground "do-over."

## V.    This Court Did Not Misunderstand the ZAI Claimants' Arguments

Although the ZAI Claimants' failure to demonstrate the requirements for reconsideration alone requires denial of their Motion, the ZAI Claimants also fail to meet the requirements for reargument under Del. L.R. 7.1.5.  Under Local Rule 7.1.5, a motion for reargument will only be

---

[25] Motion at 2-4.

[26] Motion at 6-8.

[27] Motion at 9.

[28] *See also Skretvedt v. E.I. Dupont de Nemours and C*o., 2000 WL 33341051, at *3 (D. Del. 2000) (same); *Brambles USA, Inc. v. Blocke*, 735 F.Supp. 1239, 1240 (D. Del. 1990) ("the reargument mechanism afforded by Local Rule 3.3 [the precursor to Del. L.R. 7.1.5.] should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.").

allowed when: (1) the court has patently misunderstood a party; (2) the court has made an error not of reasoning, but of apprehension; and (3) the court has made a decision outside the scope of the issues presented to the court by the parties. Any lesser constraint would only serve to encourage "a never ending polemic between litigants and the Court."[29] The ZAI Claimants urge this Court to reconsider its decision denying their motion for leave to appeal the interlocutory ZAI Opinion on the grounds that this Court "misapprehended" their arguments. However, no such "misapprehensions" have been made. The Court fully understood the ZAI Claimants' arguments and rejected them.

First, the ZAI Claimants allege that this Court thought that they were arguing that evidence of contamination regardless of levels is sufficient to win a property damage claim, whereas their argument was that such evidence is sufficient to survive summary judgment.[30] This Court was well-aware that the ZAI Claimants sought an appeal of a summary judgment order and, thus, knew that the ZAI Claimants were arguing that evidence of contamination is sufficient to survive summary judgment.[31] The ZAI Claimants made this argument before this Court in their briefs and at oral argument.[32]

Second, the ZAI Claimants allege that this Court thought that they were alleging that exceptional circumstances existed because the ZAI Opinion would impede consensual

---

[29] *TI Group Auto. Sys*, 2002 WL 87472, at *1 (quoting *Schering Corp. v. Amgen, Inc.*, 25 F.Supp.2d 293, 295 (D. Del. 1998)).

[30] Motion at 2.

[31] In fact, this Court expressed its concern over the ZAI Claimants' argument that the presence of any asbestos is enough to survive summary judgment. *See* Tr. of Hr'g at 43:1-6 ("I mean, that's the thing that bothers me about this when you say any kind of summary, a decision always is bothersome because you're taking something away from the fact finder to decide that normally is decided by the fact finder, but certainly there are circumstances when the judge can do that.").

[32] *See supra* at p. 8-9.

resolution, whereas their alleged "overwhelming concern" was that without an appeal any plan of reorganization would fail.[33]  Again, this argument was clearly presented to the Court.[34]

At bottom, the ZAI Claimants' argument relies on the false assumption that, in denying their request for leave to appeal, this Court only considered the arguments specifically mentioned in its written opinion.  The Debtors have searched but are unaware of any requirement that, by electing to give a written opinion, this Court must respond to each an every argument raised by parties.  After being presented with the arguments countless times in briefs and at oral argument, it cannot be assumed that the Court was unaware of them.  The Court was presented with a thorough discussion of all arguments, considered those arguments carefully, and denied the ZAI Claimants' motion.  The ZAI Claimants have stated nothing new in their motion that constitutes grounds for reconsideration or reargument.[35]

---

[33] Motion at 6.

[34] *See supra* at p. 9.

[35] *See Corning Inc.*, 2006 WL 155255, at *1 ("Motions for reargument or reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court.").

WHEREFORE, Grace respectfully requests that the Court deny the ZAI Claimants'

request for reconsideration of its denial of leave to appeal the Bankruptcy Court's ZAI Opinion.


Dated:  April 16, 2007

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Salvatore F. Bianca
200 East Randolph Drive
Chicago, Illinois 60601
Telephone:  (312) 861-2000
Facsimile:  (312) 861-2200

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES &
WEINTRAUB LLP

*James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession